IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HEATHER NEISEN,[1] o/b/o minor )
children C.R, K.R., and M.R., )
 )
    Plaintiff, )
 )
v. ) No. 3:24-cv-00495
 ) Judge Trauger
CARL BENJAMIN LEWIS, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Heather Neisen has filed a pro se Complaint invoking this court's diversity jurisdiction and claiming negligence against defendants Carl Benjamin Lewis and McCarter East, PLLC, her former counsel in domestic relations proceedings. (Doc. No. 1.)

On July 18, 2024, the plaintiff filed a "Petition for Ex Parte Restraining Order, Urgent and Immediate Removal of Minor Children due to Severe Abuse and Legal Violations." (Doc. No. 4.) Among other grounds for this Petition, the plaintiff cites Rule 65 of the Federal Rules of Civil Procedure and its provision for "Temporary Restraining Orders and Preliminary Injunctions." (*Id.* at 2.)

The court has a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Whenever it appears that such exercise might not be proper, "federal courts have an independent obligation to . . . raise and decide" the issue, lest they exceed the scope of the limited jurisdiction granted them under the law. *Henderson ex rel. Henderson v. Shinseki*,

---

[1] Plaintiff's last name is misspelled "Neison" on the docket of this case. The Clerk is **DIRECTED** to modify the docket to reflect the correct spelling, "Neisen."

562 U.S. 428, 434 (2011). Under 28 U.S.C. §§ 1331 and 1332, federal subject-matter jurisdiction is restricted to (1) cases that present a question of federal law, and (2) cases between parties of diverse citizenship in which more than $75,000 is at stake. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Here, the Complaint does not present any question of federal law. Rather, it asserts a claim for legal malpractice against the plaintiff's former counsel and seeks damages in excess of $75,000, to include the refund of the retainer she paid counsel and his firm to represent her in "case 18CV-1946." (Doc. No. 1 at 4.) This state-law claim of professional negligence can only be prosecuted in federal court if the parties are of diverse citizenship. Because the plaintiff alleges that both she and the defendants are Tennessee citizens (*see id.* at 3), diversity jurisdiction under Section 1332 is defeated. *See Arnoff v. Ferguson*, No. 5:24 CV 401, 2024 WL 1604113, at *1 (N.D. Ohio Apr. 12, 2024). And because the court lacks subject-matter jurisdiction over the Complaint, it "cannot review the merits of the [temporary restraining order/preliminary injunction] Motion and must dismiss the action in its entirety." *Reynolds v. Mercy Inv. Servs., Inc.*, No. 2:24-CV-02636 (NJC) (JMW), 2024 WL 1740870, at *6 (E.D.N.Y. Apr. 23, 2024) (citing *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024) ("[W]hen a court determines it lacks subject matter jurisdiction, it cannot consider the merits of the preliminary injunction motion and should dismiss the action in its entirety.")).

Even if it were possible to liberally construe the plaintiff's Petition for Ex Parte Restraining Order (Doc. No. 4) as an amended pleading for injunctive relief—invoking as it does the court's jurisdiction under a variety of statutes including Section 1332 (*id.* at 1), and given that the original Complaint has not been served or responded to[2]—the court could not consider it. The Petition

---

[2] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than:

2

invites federal intervention into "matters involving child custody and welfare" that are currently being litigated in the case of "Neisen v. Rohmfeld." (*Id.*) It attempts to ground authority for such intervention in 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory judgment), and 2254 (habeas corpus), but those statutes either do not fit the context of this cause of action or, in the case of declaratory relief under Section 2201, would not confer federal jurisdiction regardless of context. *See Saginaw Cnty., Michigan v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020) ("All [§ 2201] does is create an alternative remedy—a declaratory judgment—for existing cases or controversies" already within the court's jurisdiction). Likewise, its assertion of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is unavailing, as the UCCJEA is a model for state legislation that does not provide a private right of action in federal court. *See Smith ex rel. Smith v. Pines Treatment Ctr.*, 472 F. Supp. 2d 784, 786 (E.D. Va. 2007) (citing, *e.g.*, *Mensah v. St. Joseph Cnty. Fam. Indep. Agency*, 187 F.3d 636 (Table), 1999 WL 623733, at * 2 (6th Cir. 1999)). And even if the Petition's assertion that "diversity of citizenship exists between the[se] parties in a custody dispute" (*id.*) could generally lead to a justifiable exercise of jurisdiction, its specific request for emergency modification of a state-court custody order would not allow that exercise.

The Petition states that, "[o]n May 22, 2024, a parenting plan was entered for the minor children, C.H.R., K.H.R., and M.H.R., in Case Number 18CV-1946 from Rutherford County Chancery Court. An appeal was subsequently filed on May 29, 2024[,]"[3] and emergent

---

(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[3] It appears that after the plaintiff filed a notice of appeal in the case of *Heather Rohmfeld Neisen v. Matthew Rohmfeld*, M2024-00784-COA-R3-CV (Tenn. Ct. App. May 29, 2024), she subsequently retained appellate counsel who appeared on the record on June 20, 2024. *See*

3

circumstances since the filing of the appeal necessitate "immediate modification" of the custody order for the health and safety of the children, who appear to currently be living with their father in Texas. (*Id.* at 2.) "The domestic-relations exception deprives federal courts of diversity jurisdiction if the plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015). That exception is clearly triggered by the plaintiff's Petition. And even if it were not, principles of federalism and comity would require the court to abstain from intruding into ongoing state proceedings related to custody of the plaintiff's children. *See Evans v. Hepworth*, 433 F. Supp. 3d 1171, 1180 (D. Idaho 2020) ("[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law.") (quoting *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987), and citing other circuit-court cases).

In sum, this court lacks jurisdiction over the subject matter of this case. Accordingly, the case is **DISMISSED** without prejudice to the plaintiff's ability to seek relief in state court.

The Clerk shall close the file.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

https://pch.tncourts.gov/CaseDetails.aspx?id=89401&Party=True (last visited July 19, 2024). The appeal is currently pending, awaiting briefing by counsel. *See id.*